<u>CRIMINAL PROCEEDINGS</u> – **Continued Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge David C. Nye
Case No. **CR17-181-DCN**
Place: Pocatello, ID

Date: **September 09, 2019**
Deputy Clerk: Pamela Fulwyler
Reporter: Katherine Eismann
Time: 2:00 pm – 2:55 pm

UNITED STATES OF AMERICA vs CLINTON ALLEN MURPHY

Probation Officer: Jessie Thompson-Kelley
Interpreter: n/a

Counsel for United States: David Robins
            Defendant(s): John Cutler

(X) Court reviewed case history.
(X) Defendant previously entered a plea of **GUILTY to Counts Five and Seven of the Superseding Indictment.**
(X) Government orally moved to dismiss Counts One, Nine and Thirteen Superseding Indictment: Granted

Total Combined offense Level 25 Criminal History Category I Guideline Range of 57-71 months

(X) Objections to the presentence report for paragraph 41 and 47: Withdrawn
(X) Objections to the presentence report for paragraph 96: Withdrawn
(X) Objections to the presentence report for paragraph 102: Withdrawn
(X) Objections to the presentence report for paragraph 158 and 160: Sustained
(X) Counsel made arguments and sentencing recommendations to the Court.
(X) Court granted 3rd level for acceptance of responsibility. Already in provided for in the sentencing recommendations.
(X) Court accepts the Presentence report and addendum adopted, except as may be modified here today.
(X) Court addressed 3553(a) factors and finds there is grounds to sentence outside the guideline range for reasons as stated on the record.
(X) Defendant's remarks on his own behalf.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 37 months, on each count to be served concurrently.

It is hereby ordered that the defendant surrender to the institution designated by the Bureau of Prisons as notified by the United States Probation Office. The defendant is advised that it is a separate criminal offense subject to a consecutive sentence to fail to surrender as ordered by the court.

It is further ordered that the defendant shall pay to the United States a fine of $20,000. The fine shall be paid immediately.

The court finds that the defendant does not have the ability to pay interest. The court will waive the interest requirement in this case.

A $200 special assessment is due immediately.

All monetary penalties are due and payable immediately.

Having considered the defendant's financial resources, the Court orders payment under the following schedule unless modified by the Court:

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $300 per month.

The foregoing does not preclude collection efforts under 18 U.S.C. § 3613.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each count, to be served concurrently. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

Supervised release is imposed upon the following terms and conditions:

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with all general and special terms of supervised release, and all standard conditions of supervision, as outlined in the judgment in a criminal case, to be filed by this Court. The defendant shall also comply with the following special conditions of supervision.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage

devices or media, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant may not possess or use a computer (as defined in 18 § 1030(e)(1)) without prior permission from the probation officer. The defendant shall not participate in any computer facilitated gambling.

The defendant shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other electronic devices/ media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/ media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not be employed in any capacity related to firearms nor shall defendant perform any unpaid or volunteer activities in this area during the term of supervised release without the permission of the probation officer.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, as approved and directed by the probation officer. The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved by the probation officer.

(X) Defendant advised of penalties for violation of terms and conditions of supervised release.

(X) Right to appeal explained.
(X) Defendant to be placed at the facility in Yankton, South Dakota.
(X) Defendant released pending placement to the Bureau of Prisons with all previous conditions remaining in effect.